UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Docket No. 17-mc-91098-DPW |
| JACK E ROBINSON III, | ) |
| Defendant. | ) |

ORDER ON REQUEST TO QUASH DEPOSITION OF PAULA K. COLBATH

July 18, 2017

Boal, M.J.

Plaintiff Universitas Education, LLC ("Universitas") seeks to quash the subpoena issued by Defendant Jack E. Robinson to Universitas' trial counsel, non-party Paula K. Colbath, Esq. Robinson opposes the motion. Docket No. 5. For the reasons discussed herein, the Court grants the motion.[1]

I.  FACTUAL AND PROCEDURAL BACKGROUND

The instant motion is related to litigation pending before this District Court that is captioned Universitas Education, LLC v. Robinson, No. 15-11848-DPW. Universitas has sued Jack E. Robinson because he allegedly participated with Carpenter in the theft of over $30.6 million in life insurance proceeds held by Charter Oak Trust Welfare Benefit Plan for the benefit of Universitas. Docket No. 2 at 2.

---

[1] The District Court referred the case to the undersigned on May 25, 2017.  Docket No. 17.

On or about March 16, 2017, Robinson issued a subpoena for Colbath's deposition.[2] Docket No. 3-1. Colbath is a partner at the law firm of Loeb & Loeb ("Loeb") and is trial counsel for Universitas. Docket No. 3 at 1. Robinson also served Universitas with a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6). Docket No. 3-2. Initially, Colbath's deposition was scheduled for April 6, 2017 and Universitas' 30(b)(6) deposition was scheduled for April 7, 2017. Docket Nos. 3-1; 3-2.

On March 27, 2017, Universitas filed the instant motion in the Southern District of New York. It moved for a protective order, temporary restraining order and to quash the subpoena directed to Colbath. Judge Kimba Wood issued an amended order to show cause and granted the temporary restraining order, staying Colbath's deposition pending resolution of the instant motion.[3] Docket No. 1. On April 3, 2017, Robinson filed an opposition. Docket No. 5. The case was subsequently transferred to the District of Massachusetts. Docket No. 10.

II.     STANDARD OF REVIEW

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2010) (citing United States ex rel. Schwartz v. TRW, Inc., 211 F.R.D. 388, 392 (C.D. Cal. 2002)). To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . ." Fed. R. Civ. P. 26(b). As the Supreme Court has instructed, because "discovery itself is designed to help define and clarify the issues,"

---

[2] Colbath argues that the subpoena was improperly served. Docket No. 2 at 3. The Court does not address this argument because it finds for Universitas on the merits.

[3] The Court had scheduled a hearing on the instant motion for July 26, 2017. However, after review of the parties' submissions, the Court finds that oral argument is not necessary and cancels the hearing.

2

the limits set forth in Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

A Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1). Miller v. Allstate Fire & Cas. Ins. Co., No. 07-260, 2009 WL 700142, at *2 (W.D. Pa. Mar. 17, 2009) (citation omitted). Thus, the information sought must be: (1) not privileged; (2) relevant to the claim or defense of any party; and (3) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party issuing the subpoena has the burden of establishing that the requested information is relevant to its claims or defenses. Jee Family Holdings, LLC v. San Jorge Children's Healthcare, Inc., 297 F.R.D. 19, 20 (D.P.R. 2014).

III.   DISCUSSION

Robinson seeks to depose Colbath on a number of issues. Docket No. 5 at 3-5. Specifically, he alleges that Colbath's testimony is needed to clarify four dates in interrogatory responses from Universitas. In addition, in defending against Universitas' claims relating to a breach of fiduciary duty, Robinson intends to argue that he owed no duty to Universitas because it was represented by counsel and seeks testimony from Colbath about her representation. Docket No. 5 at 3-4. He also seeks to depose Colbath regarding his argument that the case is time-barred. Id. at 5. Universitas argues that Colbath has no first-hand knowledge and the deposition may disqualify her as its trial counsel. Docket No. 2. Based on the record before the Court, the deposition of Universitas' counsel is inappropriate.

Any time a deposition notice names an opposing party's counsel, current or former, as the deponent, red flags go up. Although the Federal Rules of Civil Procedure do not specifically prohibit the deposition of a party's counsel, depositions of opposing counsel are generally

3

disfavored. See, e.g., Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 66 (1st Cir. 2003). Federal courts have noted a number of concerns that depositions of an opposing party's counsel pose. First, "[a]llowing depositions of opposing counsel, even if those depositions were limited to relevant and non-privileged information, may disrupt the effective operation of the adversarial system by chilling the free and truthful exchange of information between attorneys and their clients." Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co., 276 F.R.D. 376, 380-81 (D.D.C. 2011) (citations omitted; collecting cases). In addition, "depositions of opposing counsel present a 'unique opportunity for harassment.'" Id. at 381. Another concern is that "counsel depositions carry the substantial potential of spawning litigation over collateral issues related to assertion of privilege, scope, and relevancy." Id. at 382.

Generally, the party moving to quash a subpoena bears the burden of persuasion. Demers v. LaMontagne, No. 98-10768-REK, 1999 WL 1627978, at * 2 (D. Mass. May 5, 1999). However, where depositions of opposing counsel are involved, the burden is on the party seeking to take the deposition to establish that the relevant criteria (discussed below) are met. Boughton v. Cotter Corp., 65 F.3d 823, 830 n.10 (10th Cir. 1995).

In deciding whether the deposition of opposing counsel is appropriate, courts often use the test adopted by the Eighth Circuit in Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986). See Dunkin' Donuts, Inc. v. Mandorico, Inc., 181 F.R.D. 208, 210 (D.P.R. 1998). Under that test, depositions of opposing counsel should be limited to "where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information [other] than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Shelton, 805 F.2d at 1327 (citation omitted). The crucial factor in determining whether the Shelton test applies is the extent of the

4

lawyer's involvement in the pending litigation.  Nat'l W. Life Ins. Co. v. W. Nat'l Life Ins. Co., No. A-09-CA-711-LY, 2010 WL 5174366, at *3 (W.D. Tex. Dec. 13, 2010).

The First Circuit has not explicitly adopted the Shelton test.  However, it has used a similar test in deciding whether opposing counsel may be compelled to testify at trial.  See Bogosian, 323 F.3d at 66.  Under that test, the factors to be considered include: "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, non-privileged, and crucial to the moving party's case."  Id. (citations omitted).  While Bogosian dealt with trial testimony, these factors are also relevant to the depositions of trial counsel.  See Confederate Motors, Inc. v. Terny, No. 11-10213-JGD, 2012 WL 612506, at *1 (D. Mass. Feb. 24, 2012).

Colbath is Universitas' trial counsel and represented the company during the underlying dispute.  Docket No. 5 at 4.  Robinson has not demonstrated that the information he seeks is only available from Colbath.  For example, he has not explained why clarification of the dates in the interrogatory responses would not logically be provided by the person with knowledge of the facts who made the answers, as opposed to an attorney.  See Fed. R. Civ. P. 33(d).  Further, he has not shown that the Rule 30(b)(6) deponent for Universitas could not provide the information he seeks.[4]  Indeed, Robinson seeks to depose Universitas on topics that are largely duplicative of those that he identified for Colbath.  See Docket Nos. 3-2; 3-3 at 4.  Accordingly, Robinson has not met his burden.[5]

---

[4] Robinson does not even mention the Rule 30(b)(6) deponent in his opposition.
[5] For these reasons, "good cause" also exists to justify entry of a protective order prohibiting Colbath's deposition.  Because the Court quashes Robinson's subpoena, however, such relief is unnecessary.

IV.     ORDER

For the foregoing reasons, the Court grants Universitas' motion to quash the subpoena directed to Paula K. Colbath, Esq.  The Court declines to award sanctions.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge
